Robert LEVINTHAL, M.D., Appellant,

v.

KELSEY–SEYBOLD CLINIC,
P.A., Appellee.

No. 01–94–00410–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1994.

C. Michael Clark, John T. Johnson, Houston, for appellant.

Jeffrey B. McClure, Solace H. Kirkland, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment. Dr. Robert Levinthal sued Kelsey–Seybold Clinic, P.A. (the Clinic) alleging antitrust violations, as well as violations of the Texas Insurance Code, because the Clinic refused to refer patients to him. The trial court granted summary judgment in favor of the Clinic. We reverse.

Dr. Levinthal filed his original petition and discovery requests on December 1, 1993. The Clinic was served with the petition and discovery requests on January 11, 1994. Because the discovery requests were served with the petition, the Clinic had 50 days to respond to the discovery. Tex.R.Civ.P. 167(2) & 168(4). Therefore, the Clinic was required to respond to the discovery by March 2, 1994. The Clinic answered Levinthal's petition and moved for summary judgment on January 31, 1994. The summary judgment was set for hearing on February 21, 1994, *before* the Clinic's response to discovery was due. The trial court entered a written summary judgment in favor of the Clinic on March 10, 1994.

In point of error nine, Dr. Levinthal contends the trial court erred by ruling on the Clinic's motion for summary judgment before he had the opportunity to conduct any discovery.

Dr. Levinthal filed a response to the Clinic's motion for summary judgment, in which he objected to the hearing on the motion for summary judgment because it was to occur before he obtained the Clinic's discovery responses. Dr. Levinthal argued that he needed the discovery responses in order to adequately respond to the affidavit filed in support of the Clinic's motion for summary judgment. The response was supported by the affidavit of Dr. Levinthal's counsel, John Johnson, in which he stated that he was unable to adequately oppose the motion for summary judgment due to the lack of discovery. Mr. Johnson stated that in order to show an antitrust violation by the Clinic, he would have to show that the Clinic entered into a contract, combination, or conspiracy in restraint of trade. He further stated that

discovery into the nature of the relationship between Sanus/New York Life Health Plan and the Clinic was necessary to prove such a conspiracy.

■ Under Tex.R.Civ.P. 166a(g), when it appears from the affidavits of a party opposing a motion for summary judgment, that he cannot present by affidavit facts sufficient to justify his opposition, the trial court may order a continuance to permit discovery to be had. Therefore, it was within the Court's discretion to grant a continuance until the necessary discovery was completed. We will not disturb the trial court's denial of a motion for continuance except for a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *Verkin v. Southwest Ctr. One, Ltd.*, 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ We consider the following nonexclusive list of factors in deciding whether the trial court abused its discretion: (1) the length of time the case has been on file; *see Verkin*, 784 S.W.2d at 96) (because, among other things, case had been on file less than three months, motion for continuance should have been granted); (2) the materiality of the discovery sought; *see Eckman v. Centennial Sav. Bank*, 757 S.W.2d 392, 395 (Tex.App.—Dallas 1988, writ denied); and (3) whether due diligence was exercised in obtaining the discovery; *see Cedillo v. Jefferson*, 802 S.W.2d 866, 868 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (motion for continuance denied because appellants made no showing why they had not, and could not, obtain the necessary discovery before the summary judgment hearing).

### (1) Length of time case on file

Dr. Levinthal filed his lawsuit on December 1, 1993. The trial court granted summary judgment for the Clinic on March 10, 1994. The case had been on file for only *three months* at the time summary judgment was granted. In *Verkin*, 784 S.W.2d at 94–95, this Court held that the trial court abused its discretion by denying the defendant's motion for continuance, and granting plaintiff's motion for summary judgment, because the

case had been on file for approximately six months. *Id.*

We recognize that in this case the plaintiff, not the defendant, moved for a continuance. A trial court can presume that a plaintiff has investigated his own case prior to filing. *Verkin,* 784 S.W.2d at 95–96. However, this presumption does not deny a plaintiff the right to engage in necessary discovery before summary judgment is granted.

### (2) Materiality of the discovery sought

The Texas Free Enterprise and Antitrust Act provides that "[e]very contract, combination, or conspiracy in restraint of trade is unlawful." Tex.Bus. & Com.Code Ann. § 15.05(a) (Vernon 1987). In order to establish a violation of section 15.05, Dr. Levinthal was required to prove a concerted action by two or more persons. *Red Wing Shoe Co., Inc. v. Shearer's Inc.,* 769 S.W.2d 339, 344 (Tex.App.—Houston [1st Dist.] 1989, no writ). To show a concerted action by two or more persons to illegally restrain trade, a plaintiff faces the threshold requirement of identifying a co-conspirator. *Id.* at 345.

In his affidavit, Dr. Levinthal's counsel stated that in order to show a contract, combination, or conspiracy in restraint of trade he needed to conduct extensive discovery into the nature of the relationship between the Clinic and Sanus/New York Life Health Care (Sanus). Apparently counsel believed that discovery would prove that Sanus was the requisite co-conspirator in the Clinic's alleged attempt to illegally restrain trade.

A representative sample of the discovery requests propounded by Dr. Levinthal on the Clinic include the following:

Please identify all policies, procedures, guidelines and rules relating to the referral of patients covered under the Sanus/New York Health Care Plan to physicians who are not consulting specialist members of Kelsey–Seybold Clinic, P.A.

Please identify every individual and provide their current address and telephone numbers who participated in the creation of Kelsey–Seybold Clinic, P.A.'s policies and procedures regarding the referral of patients covered under the Sanus/New York Health Care Plan to physicians who are not consulting specialist members of Kelsey Seybold Clinic, P.A.

Please produce:

All partnerships, agreements, articles of partnership, contracts, agreements, memoranda of understandings of any kind between Kelsey–Seybold Clinic P.A., and Sanus/New York Life Health Plan, or the Sanus Plan.

Copies of the fee arrangement and/or fee structures between Kelsey Seybold Clinic, P.A., and Sanus/New York Life Health Plan during the last five (5) years

All contracts and partnership agreements passing between Kelsey–Seybold Clinic, P.A. and New York Life Insurance Company

All contracts and partnership agreements passing between Kelsey–Seybold Clinic, P.A., and Sanus Corp.

All patient referral policies and procedures of Kelsey–Seybold Clinic, P.A., pertaining to or relating to any Sanus insured for the last ten (10) years

It is evident from these discovery requests that Dr. Levinthal was seeking to obtain information that would link the Clinic's actions in refusing to refer patients to him with the actions or policies of Sanus. Only by establishing such a link would Dr. Levinthal be able to show a conspiracy to restrain trade. Furthermore, the type of information Dr. Levinthal sought to obtain would not be readily available to him by any means other than the discovery process. We find that Dr. Levinthal had adequately shown that the discovery materials he sought were material to his antitrust claims.

### (3) Due Diligence

The record shows that Dr. Levinthal served his discovery requests at the same time that he filed his original petition. Under the rules of civil procedure, the Clinic had 50 days to respond. Tex.R.Civ.P. 167(2) & 168(4). The Clinic answered the petition, simultaneously moved for summary judgment, and set the summary judgment for

hearing *before* the time it was required to respond to discovery. Dr. Levinthal responded to the motion for summary judgment by requesting additional time to obtain discovery. There was nothing more Dr. Levinthal could have done to obtain the discovery materials prior to the summary judgment hearing. Dr. Levinthal used due diligence in attempting to obtain the discovery necessary to oppose the Clinic's motion for summary judgment.

The rule on summary judgments provides: The [summary] judgment shall be rendered forthwith if (i) *the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response,* and (ii) the pleading, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file.... show that, except as to the amount of damages, there is no genuine issue as to any material fact....

TEX.R.CIV.P. 166a(c). This rule clearly contemplates that the trial court will allow the parties a reasonable opportunity to conduct discovery before granting a summary judgment. The purpose of the discovery process is to allow parties to obtain the fullest knowledge of facts and issues before the disposition of their case. *Chapa v. Garcia,* 848 S.W.2d 667, 668 (Tex.1992). Discovery is favored, and the rules governing discovery are to be liberally construed. *Service Lloyds Ins. Co. v. Clark,* 714 S.W.2d 437, 438 (Tex. App.—Austin 1986, no writ).

The Clinic moved for summary judgment before *any* discovery had been conducted. The rules of civil procedure provide that a party may move for summary judgment *at any time* after the adverse party has answered or appeared. TEX.R.CIV.P. 166a(a). However, a trial court, in certain circumstances, may abuse its discretion in denying a motion for continuance, after the party opposing the motion makes a proper showing under rule 166a(g).

This case was on file for only three months, Dr. Levinthal had filed discovery requests that were material to proving his cause of action, and had exercised due diligence in attempting to obtain the needed discovery before the summary judgment hearing, yet no time for discovery was allowed. Under the facts of this case, we hold that the trial court abused its discretion by refusing to continue the motion for summary judgment hearing.

We sustain point of error nine. In light of this ruling, it is unnecessary to address Dr. Levinthal's remaining points of error, and we decline to do so.

We reverse the judgment and remand the cause.