No. 04-97-01008-CV



Douglas GRIMES, et al., 


and The Law Offices of David McQuade Leibowitz, P.C.,


Appellants


v.


MERIT DISTRIBUTING INC. d/b/a Alamo Fuel Co.
,

Appellee


From the 285th Judicial District Court, Bexar County, Texas

Trial Court No. 97-CI-13329

Honorable Michael Peden, Judge Presiding


Opinion by: Sarah B. Duncan, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 31, 1999


REVERSED AND REMANDED


 The principal issue presented in this appeal is whether the trial court properly denied the
motion for continuance filed by the plaintiffs in their class action against Merit Distributing, Inc.
d/b/a Alamo Fuel Co. for the negligent handling, storage, and disposal of toxic wastes at the J.C.
Pennco Waste Oil Service dump site. Because it is undisputed discovery was abated four days after
the plaintiffs added Merit as a defendant and, as a result, the summary judgment record is not fully
developed, we hold the trial court erred in denying the requested continuance. We further hold the
trial court erred in assessing sanctions against the plaintiffs' attorneys under chapter 10 of the Texas
Civil Practice and Remedies Code and its inherent power and thus reverse the trial court's judgment
in its entirety and remand the cause for further proceedings consistent with this opinion.

Factual and Procedural Background


 The plaintiffs own property or reside near the J.C. Pennco Waste Oil Service site, which was
used as a dump site for various hazardous wastes and products from 1984 until Pennco abandoned
it in 1992. Because the Pennco site contained leaking and overflowing tanks and drums and
extensive areas of soil and groundwater contamination, it was referred to the Texas Natural Resource
Conservation Commission (TNRCC) for possible Superfund status. As part of its initial
investigation, the TNRCC searched for and produced a list of potentially responsible parties (PRPs).
These PRPs, as well as the dump site owners and operators, were sued by the plaintiffs in a class
action filed May 1, 1996, by their attorneys, The Law Offices of David McQuade Leibowitz, P.C.

 By August 19, 1996, the TNRCC's PRP list included "Alamo Fuel Company." Therefore,
the plaintiffs amended their petition to add Merit Distributing Inc. d/b/a Alamo Fuel Company as
a defendant and simultaneously requested discovery. However, on August 23, 1996, the trial court
abated discovery against the PRP defendants until further order. While the abatement order expressly
permitted any party to voluntarily answer any discovery request, Merit did not answer the plaintiffs'
request. Nonetheless, Merit asserted its business was the distribution of dog food, charcoal
briquettes, and water softener salt, and its president, John Chism, was unaware of any connection
with the Pennco dump site. In line with this assertion, Merit asked Leibowitz to nonsuit the
plaintiffs' claims against Merit. Leibowitz responded with a request for a corporate officer's affidavit
detailing Merit's involvement in the dump site. The affidavit was quickly produced but it was
inconsistent with a November 19, 1991 Pennco invoice, which was signed by "T. Garza" and
suggested "Alamo Fuel Company" had removed 1,040 gallons of water from a pit at Fort Sam
Houston in San Antonio and deposited the water at the Pennco dump site, and another document
indicating Chism, a San Antonio resident, owned Alamo Fuel Company until May 1, 1993.
However, at a subsequent meeting, the plaintiffs' attorney withheld these documents on grounds of
privilege and suggested Merit would have to do its own research at the TNRCC--a suggestion
subsequently pursued by Merit's attorney.

 At the TNRCC, Merit's attorney saw the November 19 invoice. However, Merit's attorney
also found an invoice from a company named "Alamo Petroleum Exchange," which was signed by
"T. Garza" and suggested Alamo Petroleum Exchange had dumped 1040 gallons of water from Fort
Sam Houston at the Pennco dump site on November 19, 1991. Other Pennco invoices indicated
Alamo Petroleum Exchange routinely dumped Fort Sam Houston water at the Pennco site. Based
on these documents, Merit's attorney concluded Pennco had used "Alamo Fuel Co." when it meant
"Alamo Petroleum Exchange." Merit's attorney thus asked the TNRCC to remove "Alamo Fuel
Company" from its PRP list. The TNRCC did so on April 15, 1997. However, the TNRCC also
indicated it was possible Merit would again find itself on the PRP list if new evidence indicated its
involvement in the Pennco dump site or if the federal Environmental Protection Agency reached a
conclusion different from that reached by the TNRCC.

 Two days after receiving this letter, Merit's attorney threatened the plaintiffs' attorneys with
a motion for summary judgment and a motion for sanctions if the plaintiffs did not dismiss their
claims against Merit. When the requested dismissal was not forthcoming, on May 7, 1997, Merit
moved for summary judgment under Rule 166a(c), Tex. R. Civ. P., and for sanctions against the
plaintiffs' attorneys under chapter 10 of the Texas Civil Practice and Remedies Code and the court's
inherent power. Merit supported its motions with Chism's affidavit denying any involvement by
Merit in the Pennco dump site and TNRCC's letter notifying Merit's attorney it had been deleted
from the PRP list. The plaintiffs responded on the merits, arguing the November 19 invoice
presented a material issue of fact as to Merit's involvement. The plaintiffs also filed a verified
motion for continuance requesting an opportunity to conduct discovery on their claims against Merit.
The trial court denied the requested continuance and instead rendered a summary judgment against
the plaintiffs and sanctions against their attorneys.

Continuance


 In their first point of error, the plaintiffs argue the trial court erred in denying their motion
for a continuance. We agree.

 "When a party contends that it has not had an adequate opportunity for discovery before a
summary judgment hearing, it must file either an affidavit explaining the need for further discovery
or a verified motion for continuance." Tenneco Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647
(Tex. 1996). On appeal, we review the trial court's ruling under the abuse of discretion standard. Id.
In applying this standard, we may consider such factors as "(1) the length of time the case has been
on file; (2) the materiality of the discovery sought; and (3) whether due diligence was exercised in
obtaining the discovery." Levinthal v. Kelsey-Seybold Clinic, P.A., 902 S.W.2d 508, 510 (Tex.
App.--Houston [1st Dist.] 1994, no writ) (citations omitted); see also Patrick v. Howard, 904
S.W.2d 941, 946 (Tex. App.--Austin 1995, no writ).

 Here, as in Levinthal, the plaintiffs exercised due diligence by filing discovery requests with
their petition and later requesting a continuance in response to Merit's motion for summary
judgment. Levinthal, 902 S.W.2d at 511-12. However, through no fault of the plaintiffs, involuntary
discovery was abated by the trial court's order only four days after the plaintiffs added Merit as a
defendant and voluntary discovery was precluded by Merit's refusal to answer their discovery
requests. Therefore, although the plaintiffs' claims against Merit had been on file almost one year
by the time Merit moved for summary judgment, they had virtually no discovery period.
Additionally, the plaintiffs' verified motion identified the discovery they required to determine
whether Merit d/b/a Alamo Fuel Company was involved in the Pennco dump site (and thus oppose
Merit's motion for summary judgment) as the discovery requests it served on Merit when they filed
the claims.

 However, Merit argues the plaintiffs cannot be seeking the discovery of material information
because all material information was before the trial court in support of its motion for summary
judgment. See, e.g., Tenneco, 925 S.W.2d at 647; National Union Fire Ins. Co. v. CBI Indus., Inc.,
907 S.W.2d 517, 521 (Tex. 1995). We disagree. Merit's summary judgment evidence consisted only
of Chism's affidavit denying any involvement by Merit in the Pennco site and TNRCC's letter
notifying Merit it had been deleted from the PRP list. While this is some evidence Merit may not
have been involved in the Pennco site, it certainly does not preclude the possibility other evidence
gathered during discovery will establish the contrary. This case is thus quite unlike Tenneco, in
which the summary judgment record was fully developed. Tenneco, 925 S.W.2d at 647. Nor is this
case similar to National Union, in which the dispositive issue was a question of law and thus not
subject to proof. National Union, 907 S.W.2d at 521.

 Because the plaintiffs' verified motion establishes they exercised due diligence in attempting
to obtain discovery material to Merit's motion for summary judgment, we hold the trial court abused
its discretion in failing to grant a continuance. Consequently, we do not reach the merits of the
summary judgment.

Sanctions


 The Leibowitz firm argues there is no legal or factual basis for the trial court's assessment
of sanctions against the firm under section 10.001 of the Texas Civil Practice and Remedies Code
and the trial court's inherent power. We agree.

Standard of Review


 We review a trial court's sanctions order under the abuse of discretion standard. Koslow's
v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990).

Chapter 10 Sanctions


 A trial court may impose sanctions against a person who signs a pleading or motion in
violation of section 10.001 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.
Code § 10.004 (Vernon Supp. 1998). Section 10.001 provides:

 The signing of a pleading or motion as required by the Texas Rules of Civil
Procedure constitutes a certificate by the signatory that to the signatory's best
knowledge, information, and belief, formed after reasonable inquiry:


 (1) the pleading or motion is not being presented for any improper
purpose, including to harass or to cause unnecessary delay or needless
increase in the cost of litigation;


 (2) each claim, defense, or other legal contention in the pleading or
motion is warranted by existing law or by a nonfrivolous argument
for the extension, modification, or reversal of existing law or the
establishment of new law;


 (3) each allegation or other factual contention in the pleading or motion
has evidentiary support or, for a specifically identified allegation or
factual contention, is likely to have evidentiary support after a
reasonable opportunity for further investigation or discovery; and


 (4) each denial in the pleading or motion of a factual contention is
warranted on the evidence or, for a specifically identified denial, is
reasonably based on a lack of information or belief.


Id. § 10.001.

 In accordance with section 10.001, the trial court found Leibowitz failed to make a
reasonable inquiry before signing the plaintiffs' amended petition adding Merit as a defendant and
continued to fail to make a reasonable inquiry during litigation and the summary judgment process.
Neither is supported by the evidence. Rather, the evidence establishes that, at the time the plaintiffs'
attorney signed the amended petition adding Merit as a defendant, he was aware of the November
19, 1991 invoice implicating "Alamo Fuel Co." in the Pennco dump site, the inclusion of "Alamo
Fuel Co." on TNRCC's PRP list, and during the relevant period of time, Merit did business as
"Alamo Fuel Company." See Monroe v. Grider, 884 S.W.2d 811, 817 (Tex. App.--Dallas 1994, writ
denied) (particular circumstances of the case at the time the pleading was signed are the proper basis
for determining whether a person conducted a reasonable inquiry before signing a pleading). By the
time the plaintiffs' attorney signed the plaintiffs' response to Merit's motion for summary judgment,
he was aware of little else since he had been permitted no discovery. Indeed, the only additional facts
known were the denials contained in Chism's affidavit and Merit's removal from TNRCC's PRP
list. But none of these facts conclusively established Merit was not involved in the Pennco dump
site. We therefore hold the trial court abused its discretion in assessing sanctions under chapter 10
of the Texas Civil Practice and Remedies Code.

Inherent Power


 "Inherent power to sanction exists where necessary to deter, alleviate, and counteract bad
faith abuse of the judicial process." Greiner v. Jameson, 865 S.W.2d 493, 499 (Tex. App.--Dallas
1993, writ denied). But to utilize this power, the trial court must make and the evidence must support
a finding of bad faith. See id.; Phillips & Akers, P.C. v. Cornwell, 927 S.W.2d 276, 280 (Tex.
App.--Houston [1st Dist.] 1996, no writ). The record before us contains neither. Nor may bad faith
be presumed in light of the trial court's order abating discovery. See Monroe, 884 S.W.2d at 819.
We thus hold the trial court abused its discretion in assessing sanctions under its inherent power.

Conclusion


 Because the trial court abused its discretion in denying the plaintiffs' motion for a
continuance and in sanctioning the plaintiffs' attorneys, we reverse the trial court's judgment and
remand this cause for further proceedings consistent with this opinion.


 Sarah B. Duncan, Justice

DO NOT PUBLISH

Return to
Fourth Court of Appeals