COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-393-CV

 

 

LAW OFFICES OF MARK S. STEWART AND                             APPELLANT

ASSOCIATES,
A PROFESSIONAL CORPORATION

 

 

                                                   V.

 

COMPASS BANK                                                                    APPELLEE

 

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In one issue, Appellant Law
Offices of Mark S. Stewart & Associates, P.C. argues that the trial court
abused its discretion by denying its motion for continuance.  We affirm.

 








                                            Background

This is a suit on a
promissory note.  Stewart & Associates
signed a promissory note payable to Appellee Compass Bank.  Two individuals guaranteed the note.  Compass sued Stewart & Associates on the
note on July 1, 2005.  On August 24,
2005, Compass filed a motion for summary judgment. The individual guarantors
filed for bankruptcy on  September 2,
2005.  Compass moved to sever its claims
against the individual guarantors from its claims against Stewart &
Associates, and the trial court granted the motion on September 23, 2005. 

Stewart & Associates
filed a verified motion to continue the summary judgment hearing on September
29, 2005.  As grounds for the
continuance, Stewart & Associates argued (1) that the trial court lacked
authority to enter its severance order because the bankruptcy court had issued
a stay and (2) that Stewart & Associates had not had enough time to file a
summary judgment response because of the bankruptcy proceedings.  It also filed a summary judgment response
subject to the trial court=s ruling on it=s motion for
continuance.  The trial court held a
hearing on the motions for continuance and summary judgment, denied the motion
for continuance, and granted the motion for summary judgment.  This appeal followed.

 








                                       Standard of Review

We review a trial court=s ruling granting
or denying a motion for continuance for an abuse of discretion.  See BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 800 (Tex. 2002). 
We do not substitute our discretion for that of the trial court.  In re Nitla S.A. de C.V., 92 S.W.3d
419, 422 (Tex. 2002) (orig. proceeding). 
Instead, we must determine whether the trial court=s action was so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  Marchand, 83 S.W.3d at
800.  The focus is on whether the trial
court acted without reference to guiding rules or principles.  Goode v. Shoukfeh, M.D., 943 S.W.2d
441, 446 (Tex. 1997).

                                             Discussion








In its motion for
continuance, Stewart & Associates first argued that the trial court lacked
authority to sever Compass=s claims against the bankrupt guarantors because their bankruptcy stayed
the entire case.  When a defendant files
a bankruptcy petition, an automatic stay goes into effect and abates any
judicial proceeding against that party.  See
11 U.S.C.A. '
362(a).  But the stay only operates against
the debtor and does not operate against nondebtors or even co-debtors,
co-tortfeasers, or co‑defendants.  In
re Southwestern Bell Tele. Co., 35 S.W.3d 602, 604 (Tex. 2000).  Thus, the individual guarantors= bankruptcies did not stay Compass=s claims against Stewart & Associates and did not prohibit the
trial court from severing the claims against the guarantors from the claims
against Stewart & Associates.

Next, Stewart &
Associates argued that it did not have enough time to prepare a summary
judgment response because of the bankruptcy proceeding.  The motion did not explain why Stewart &
Associates needed more time.  At the
hearing on the motion for continuance, Stewart & Associates argued that it
needed more time to answer discovery served by Compass.  We cannot see how its own answers to Compass=s discovery would assist Stewart & Associates in preparing a
response to Compass=s summary
judgment.








Stewart & Associates also
argues that A[a]nother
factor that was present in this case was the short length of time the case had
been on file@ and cites Levinthal
v. Kelsey-Seybold Clinic, P.A., 902 S.W.2d 508 (Tex. App.CHouston [1st Dist.] 1994, no writ) for the proposition that the trial
court should grant a properly-filed motion for continuance when a party files a
summary judgment motion shortly after the lawsuit=s filing.  Levinthal is
inapposite.  There, the defendant moved
for summary judgment, and the trial court heard the motion, before the
defendant=s deadline
to answer the plaintiff=s discovery,
which the plaintiff filed and served with his original petition.  Id. at 511.  The plaintiff moved for a continuance and
filed an affidavit under rule 166a(g) stating that he needed the defendant=s discovery responses to reply to the summary judgment motion.  Id. at 512.  The court of appeals held that, under certain
circumstances, the trial court abuses its discretion by refusing to continue a
summary judgment hearing when the nonmovant files a rule 166a(g)
affidavit.  Id.  In this case, Stewart & Associates did
not file a rule 166a(g) affidavit; instead, as we have already noted, it simply
and illogically argued at the continuance hearing that it needed more time to
file its own answers to Compass=s discovery.  Thus, Stewart
& Associates reliance on Levanthal is misplaced.

Moreover, rule 166a(a) provides
that a party seeking to recover on a claim may move for summary judgment Aat any time after the adverse party has appeared and answered.@  Tex. R. Civ. P. 166a(a). 
Stewart & Associates filed its answer on August 5, and Compass filed
its motion for summary judgment on August 24.








Finally, although not
asserted as a ground for continuance in the trial court, Stewart &
Associates argues on appeal that it received less than the minimum notice
required by rule 166a for the summary judgment hearing.  Rule 166a provides that Athe motion [for summary judgment] and any supporting affidavits shall
be filed and served at least twenty-one days before the time specified for
[the] hearing.@  Tex.
R. Civ. P. 166a(c).  The
certificate of service on Compass=s summary judgment motion recites that Compass served the motion on
Stewart & Associates by certified mail on August 22.  The trial court heard the motion on October
6, forty-five days later.  As we have
already noted, the bankruptcy stay did not extend to Compass=s claims against Stewart & Associates.  Thus, Stewart & Associates had much
longer than the twenty-one days required by rule 166a to respond to Compass=s summary judgment motion.

We hold that the trial court=s denial of Stewart & Associates motion for continuance was not so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law.  We overrule Stewart &
Associates sole issue and affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DELIVERED:  November 30, 2006











[1]See Tex. R. App. P. 47.4.