STEWART V. COMPASS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-393-CV

LAW OFFICES OF MARK S. STEWART AND APPELLANT

ASSOCIATES, A PROFESSIONAL CORPORATION

V.

COMPASS BANK APPELLEE

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one issue, Appellant Law Offices of Mark S. Stewart & Associates, P.C. argues that the trial court abused its discretion by denying its motion for continuance.  We affirm.

Background

This is a suit on a promissory note.  Stewart & Associates signed a promissory note payable to Appellee Compass Bank.  Two individuals guaranteed the note.  Compass sued Stewart & Associates on the note on July 1, 2005.  On August 24, 2005, Compass filed a motion for summary judgment. The individual guarantors filed for bankruptcy on  September 2, 2005.  Compass moved to sever its claims against the individual guarantors from its claims against Stewart & Associates, and the trial court granted the motion on September 23, 2005. 

Stewart & Associates filed a verified motion to continue the summary judgment hearing on September 29, 2005.  As grounds for the continuance, Stewart & Associates argued (1) that the trial court lacked authority to enter its severance order because the bankruptcy court had issued a stay and (2) that Stewart & Associates had not had enough time to file a summary judgment response because of the bankruptcy proceedings.  It also filed a summary judgment response subject to the trial court’s ruling on it’s motion for continuance.  The trial court held a hearing on the motions for continuance and summary judgment, denied the motion for continuance, and granted the motion for summary judgment.  This appeal followed.

Standard of Review

We review a trial court’s ruling granting or denying a motion for continuance for an abuse of discretion.  
See
 
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 800 (Tex. 2002)
.  We do not substitute our discretion for that of the trial court.  
In re Nitla S.A. de C.V.
, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding).  Instead, we must determine whether the trial court’s action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Marchand
, 83 S.W.3d at 800.  The focus is on whether the trial court acted without reference to guiding rules or principles.  
Goode v. Shoukfeh, M.D.,
 943 S.W.2d 441, 446 (Tex. 1997).

Discussion

In its motion for continuance, Stewart & Associates first argued that the trial court lacked authority to sever Compass’s claims against the bankrupt guarantors because their bankruptcy stayed the entire case.  When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates any judicial proceeding against that party.  
See
 11 U.S.C.A. § 362(a).  But the stay only operates against the debtor and does not operate against nondebtors or even co-debtors, co-tortfeasers, or co-defendants.  
In re Southwestern Bell Tele. Co
., 35 S.W.3d 602, 604 (Tex. 2000).  Thus, the individual guarantors’ bankruptcies did not stay Compass’s claims against Stewart & Associates and did not prohibit the trial court from severing the claims against the guarantors from the claims against Stewart & Associates.

Next, Stewart & Associates argued that it did not have enough time to prepare a summary judgment response because of the bankruptcy proceeding.  The motion did not explain why Stewart & Associates needed more time.  At the hearing on the motion for continuance, Stewart & Associates argued that it needed more time to answer discovery served by Compass.  We cannot see how its own answers to Compass’s discovery would assist Stewart & Associates in preparing a response to Compass’s summary judgment.

Stewart & Associates 
also argues that “[a]nother factor that was present in this case was the short length of time the case had been on file” and cites 
Levinthal v. Kelsey-Seybold
 
Clinic, P.A.
, 902 S.W.2d 508 (Tex. App.—Houston [1st Dist.] 1994, no writ) for the proposition that the trial court should grant a properly-filed motion for continuance when a party files a summary judgment motion shortly after the lawsuit’s filing.  
Levinthal 
is inapposite.  There, the defendant moved for summary judgment, and the trial court heard the motion, before the defendant’s deadline to answer the plaintiff’s discovery, which the plaintiff filed and served with his original petition.  
Id.
 at 511.  The plaintiff moved for a continuance and filed an affidavit under rule 166a(g) stating that he needed the defendant’s discovery responses to reply to the summary judgment motion.  
Id. 
at 512.  The court of appeals held that, under certain circumstances, the trial court abuses its discretion by refusing to continue a summary judgment hearing when the nonmovant files a rule 166a(g) affidavit.  
Id.
  In this case, Stewart & Associates did not file a rule 166a(g) affidavit; instead, as we have already noted, it simply and illogically argued at the continuance hearing that it needed more time to file its own answers to Compass’s discovery.  Thus, Stewart & Associates reliance on 
Levanthal
 is misplaced.

Moreover, rule 166a(a) provides that a party seeking to recover on a claim may move for summary judgment “at any time after the adverse party has appeared and answered.”  
Tex. R. Civ. P.
 166a(a).  Stewart & Associates filed its answer on August 5, and Compass filed its motion for summary judgment on August 24.

Finally, although not asserted as a ground for continuance in the trial court, Stewart & Associates argues on appeal that it received less than the minimum notice required by rule 166a for the summary judgment hearing.  Rule 166a provides that “the motion [for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for [the] hearing.”  
Tex. R. Civ. P.
 166a(c).  The certificate of service on Compass’s summary judgment motion recites that Compass served the motion on Stewart & Associates by certified mail on August 22.  The trial court heard the motion on October 6, forty-five days later.  As we have already noted, the bankruptcy stay did not extend to Compass’s claims against Stewart & Associates.  Thus, Stewart & Associates had much longer than the twenty-one days required by rule 166a to respond to Compass’s summary judgment motion.

We hold that the trial court’s denial of Stewart & Associates motion for continuance was 
not so arbitrary and unreasonable as to amount to a clear and prejudicial error of law
.  We overrule Stewart & Associates sole issue and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED:  November 30, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.