Issued July 12, 2007















Issued July 12, 2007

     

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 

NO. 01-06-00604-CV

 



SOHAIL ALAM a/k/a SAM ALAM and 

HEALTH FACILITY CONSULTANTS, Appellants

V.

WILSHIRE & SCOTT, P.C., d/b/a 

WILSHIRE, SCOTT & DYER, P.C., Appellee

 

On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2005-06295

 



M E M O R A N D U M 
O P I N I O N

 

          In this claim on a sworn account,
Wilshire, Scott, P.C., d/b/a Wilshire, Scott & Dyer, P.C. (“WSD”) sued its
former clients, Sohail Alam and Health Facility Consultants (“HCF”) for
outstanding legal fees incurred while representing Alam and HCF in a banking dispute.  Alam appeals the judgment against him,
contending that it should be reversed because: (1)  the trial court went forward with a
six-person jury trial without his affirmative consent, depriving him of his
rights under the Texas constitution; (2) the court impermissibly commented on
the weight of the evidence, prejudicing his defense; (3) WSD mentioned Alam’s
ethnicity during closing argument, resulting in incurable error; and (4) the
court abused its discretion in refusing to grant Alam’s motions for continuance
of summary judgment and trial proceedings. 
HCF appeals the trial court’s grant of summary judgment against it,
asserting that the court abused its discretion in denying Alam’s requests on
its behalf for continuance of the summary judgment hearing.  We conclude that Alam waived any error
concerning the composition of the jury and the trial court’s comment; the jury
argument in this case was invited and thus not improper; and the trial court
acted within its discretion in denying the requests for continuance on behalf
of HCF.  We therefore affirm.  

Background

In late 2000, Alam and HFC retained
WSD to represent them in a banking dispute. 
Under the terms of the agreement, Alam and HFC agreed to pay WSD monthly
according to its usual hourly rates.  The
parties expressly acknowledged that Alam wished to have the matter budgeted at
$20,000, and the firm agreed to advise Alam if it required additional fees to
conclude the case. 

With WSD as counsel, Alam settled the
banking dispute in July 2002.  In the
settlement agreement, Alam acknowledged that the release included any claim he
might have for attorneys’ fees, and that “each party shall pay the attorneys’
fees incurred by that party.”  

WSD notified Alam more than a year
before settlement that the fees exceeded $20,000.  WSD periodically sent Alam and HFC itemized
invoices reflecting the amount due.  Alam’s
correspondence with WSD acknowledges fees owed in excess of $20,000.  Except for partial payments before and at the
time of the settlement, however, Alam made no further payments toward the
balance owed.

In January 2005, WSD filed a suit on
sworn account against Alam and HFC, claiming the outstanding legal fees as
damages.  Purporting to act on behalf of
HFC as well as himself, Alam answered with a general denial, asserting
limitations as an affirmative defense. 
Alam did not verify the answer, nor did he assert any counterclaims.

In April 2005, WSD moved for summary
judgment against Alam and HFC under Texas Rule of Civil Procedure 166a(c) and
set the motion for submission on May 16. 
Among other things, WSD’s motion pointed out that Alam’s failure to verify
the answer rendered it defective and further, as a non-lawyer, that Alam could
not represent HFC because, as a corporation, HFC was not entitled to pro se
representation.  

On April 27, Alam moved for a
forty-five day continuance of the summary judgment hearing on the ground that
he and HFC needed additional discovery. 
In its response, WSD reiterated the fact that HFC could be represented only
by a licensed attorney and thus Alam could not represent HFC.[1]  The trial court denied Alam’s motion on May
2, 2005.

Alam
did not move for a continuance based on a need to seek legal counsel until May
11, 2005, more than a week after the trial court denied his first motion and
more than two weeks after he was first put on notice that HFC required legal
representation.  This second motion was
unverified and unaccompanied by any affidavit showing diligence in his efforts
to obtain counsel.  On May 16, Alam
attempted to supplement that motion, but still failed to identify any specific
efforts made toward obtaining representation. 
The trial court denied the continuance and granted WSD’s motion for
summary judgment against HFC only.  

The
trial of WSD’s claims against Alam commenced on February 21, 2006.  The parties participated in voir dire and
selected a six-person jury.  Following
trial and deliberations, the jury entered its verdict in favor of WSD, awarding
the requested damages and additional attorneys’ fees for trying the suit on
sworn account.  The court rendered
judgment on the verdict.  This appeal
followed.

Discussion

 

          Alam
urges us to relax the preservation of error standards applicable to this case,
asserting that a pro se litigant
should not be required to uphold the same
standard of conduct as an attorney.  Texas
law, however, firmly establishes the contrary proposition.  “Pro se litigants are held to
the same standards as licensed
attorneys and must comply with all applicable laws and rules of procedure.” Hope’s Fin. Mgmt. v. Chase Manhattan
Mortgage Corp., 172 S.W.3d 105, 107 (Tex. App.—Dallas 2005, pet. denied); Kanow v. Brownshadel, 691 S.W.2d 804,
806 (Tex. App.—Houston [1st Dist.] 1985, no writ); see West Columbia Nat’l Bank v.
Griffith, 902 S.W.2d 201, 206 (Tex. App.—Houston [1st Dist.] 1995, writ
denied); accord Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999,
no pet.); see
also Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184–85 (Tex. 1978).  To
do otherwise would give a pro se litigant an unfair advantage over a litigant
who is represented by counsel.  Shull v. United Parcel Serv., 4 S.W.3d
46, 53 (Tex. App.—San Antonio 1999, pet. denied); see also Faretta v. California, 422 U.S.
806, 835 n.46, 95 S. Ct. 2525, 2541 (1975) (“The
right of self-representation is not a license to abuse the dignity of the
courtroom. Neither is it a license not to comply with the relevant rules of
procedural and substantive law.”), quoted
in Mansfield State Bank, 573 S.W.2d at 184.  

Generally, when a party—either pro se
or through counsel—learns before verdict of an impropriety in the course of the
trial, that party must make a prompt and specific complaint or the matter will
be waived.  Tex. R. App. P. 33.1.  This rule is designed to prevent a party from
taking his chance on a favorable verdict and then obtaining a second trial based
on the error.  King v. Moberley,
301 S.W.2d 202, 205 (Tex. Civ. App.—Eastland 1957, no writ) (quotation omitted).  To relax the error preservation rule for pro
se litigants would frustrate this purpose. 


Constitutional Challenge to a Six-Person Jury

 

Alam challenges the trial court’s
decision to proceed with a six-person jury, contending that the court was
prohibited from doing so without Alam’s affirmative agreement, expressed on the
record.  Although the Texas Constitution,
article 5, § 13 provides for a jury of twelve, the Government Code allows a
jury of fewer members if the parties agree to it.  Tex.
Gov’t Code Ann. § 62.201 (Vernon 2005). 
 

Both Alam and WSD indicate that the
trial court coordinator contacted them by telephone some days before the trial
setting to make the arrangements for a six-person jury, but disagree about the
substance of those conversations.  As our
review is limited to the facts appearing in the record, we may not address,
resolve, or consider this factual dispute. 
According to the record—and Alam’s own concession—his first objection to
proceeding with a six-person jury appears in his motion for new trial.  

Alam has not preserved this complaint
for review.  At trial, he neither
disagreed with the impaneling of a six-person jury, nor contended that the
statute allowing for a six-person jury violated his state constitutional
rights.  Texas Rule of Appellate
Procedure 33.1 requires that the record show the party made a complaint to the
trial court by a timely request, objection, or motion that clearly brings to
the court’s attention the basis of the complaint and the trial court ruled on
the request, objection, or motion or refused to do so.   

Alam contends that the right to try
one’s case before a twelve-person jury is a constitutional right that cannot be
waived by mere acquiescence.  We
disagree.  Even when a civil litigant has
perfected a right to trial by jury, that litigant must object or affirmatively
indicate an intention to stand on his perfected right.  For example, a litigant waives the right to
trial by jury if he participates in a bench trial without objection.  See,
e.g., In re D.R., 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.]
2005, pet. denied) (holding that litigants waived their objection to bench
trial by failing to object or otherwise indicate they possessed “perfected”
right to jury trial until charge conference); In re A.M., 936 S.W.2d 59,
61 (Tex. App.—San Antonio 1996, no writ) (observing that perfected right to
jury trial in civil case may be waived by party’s failure to act when trial
court proceeds with bench trial); Sunwest
Reliance Acquisitions Group, Inc. v. Provident Nat’l Assur. Co., 875 S.W.2d
385, 387 (Tex. App.—Dallas 1993, no writ) (holding “that when a party has
perfected its right to a jury trial in accordance with rule 216 but the trial
court instead proceeds to trial without a jury, the party must, in order to
preserve any error by the trial court in doing so, either object on the record
to the trial court’s action or indicate affirmatively in the record it intends
to stand on its perfected right to a jury trial”).  

Texas courts have reached a similar
conclusion in addressing complaints concerning civil trials proceeding with
fewer than twelve jurors.  See Guardianship
of Lynch, 35 S.W.3d 162, 164 (Tex.
App.—Texarkana 2000, no pet.) (holding that right to twelve-person jury was
waived when jury of six was impaneled without objection); Dickson v. J.
Weingarten, Inc., 498 S.W.2d 388,
391 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ) (holding that because appellant
failed to object to trial proceeding with eleven jurors, he waived right to
raise issue on appeal); see also McDaniel
v. Yarbrough, 898 S.W.2d 251, 252 (Tex. 1995) (holding that appellant
preserved error by raising objection to improper dismissal of twelfth juror
with trial court upon dismissal and that grounds for objection were apparent
from record before reviewing merits of issue).

To preserve a state constitutional
challenge to a six-person jury, then, a party, whether pro se or represented by
counsel, must timely object to the numerical composition of the jury.  See
D.R., 177 S.W.3d at 580 (holding that objection to proceeding with bench
trial instead of jury trial, made for first time during charge conference, was
not timely).  We hold that Alam’s motion for new
trial was not a timely objection or request concerning the numerical
composition of the jury.  See id; see also City of Houston v.
Arney, 680 S.W.2d 867,
873 (Tex. App.—Houston [1st Dist.] 1984, no writ) (“After the court rules
adversely to his position, appellant will not be heard to complain that he was
entitled to have a jury decide the fact question rather than the court.”), disapproved
on other grounds by Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175 (Tex. 1994); see also St. Paul Surplus Lines, Co. v.
Dal-Worth Tank Co., 974 S.W.2d 51, 53 (Tex. 1998) (declaring that including objection
and grounds in motion for new trial does not satisfy contemporaneous objection
rule if complaint could have been urged earlier); Mann v. Ramirez, 905 S.W.2d 275, 278–79 (Tex. App.—San Antonio
1995, writ denied) (“It is too late to complain of the jury panel or errors in
the selection of the jury when the complaint . . . is made only after the
verdict.”); Daily v. Wheat, 681
S.W.2d 747, 758 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.)
(holding that appellant waived issue where she did not complain of six-person
jury limitation until motion for new trial). 
Nor does Alam’s complaint constitute fundamental error.  See Daily,
681 S.W.2d at 758 (observing that even criminal defendant can waive right to
certain number of jurors if he waits too long to object). 

The Trial Court’s Statements During Trial

 

Alam
next contends that the trial court impermissibly commented on the weight of the
evidence during Alam’s examination of WSD’s principal witness.  Alam persisted in a lengthy line of
questioning about the availability of attorneys’ fees under each cause of
action in the underlying banking dispute when, after a sustained relevance
objection by WSD, the following colloquy ensued:

ALAM:                 Your Honor, I’m trying to establish attorney fees
are important and insurance – 

 

THE COURT:      Sir, as I understand it, you settled the
case.  The case was settled, was it not?

 

ALAM:                Yes,
your honor.

 

THE COURT:      If the case was settled, there is no issue
about whether you had a good cause of action for attorney’s fees or could
recover them.  You settled the underlying
cause of action.  Let’s move on.  

 

The court’s statement explained to
Alam, a pro se litigant, the basis for the court’s ruling that the line of
questioning was not legally relevant to his defense.[2]  Alam did not timely object to the court’s
statement and, accordingly, waived this complaint.  See Tex. R. App. P. 33.1.  Moreover, the court acted within its
discretion in attempting to limit the jury’s exposure to needless and possibly
confusing or misleading evidence by clarifying its evidentiary ruling to
Alam.  See Tex. R. Evid.
401, 403.  

Statements concerning Alam’s ethnicity

 

Alam
complains that WSD’s mention of Alam’s Muslim heritage during its closing
argument violated the court’s order on his motion in limine and constitutes
incurable error.  Neither the motion in
limine nor the court’s order on that motion appears in the record. Even if it
did, it would not have preserved error absent a definitive trial court ruling.  “A motion in limine merely precludes
reference to the subject of the motion without a party’s first obtaining a
ruling on the admissibility of those matters outside the presence of the jury.”  Ulogo v. Villanueva, 177 S.W.3d 496, 501–02 (Tex. App. —Houston [1st Dist.] 2005,
no pet.); see Tex. R. App. P.
33.1(a); Acord v. Gen. Motors Corp.,
669 S.W.2d 111, 116 (Tex. 1984); Collins v. Collins, 904 S.W.2d 792, 798
(Tex. App.—Houston [1st Dist.] 1995) (en
banc), writ denied, 923 S.W.2d 569 (Tex. 1996).  “If the evidence is offered at trial, the
party who wants to exclude it must object when it is offered.”  Collins,
904 S.W.2d at 798.  Alam concedes that he
did not lodge any objection to WSD’s mention of his Muslim heritage during its
closing argument.     

Alam further contends
that the reference to his heritage constitutes improper and incurable argument,
thus obviating the need for any objection. 
During the presentation of evidence, Alam raised the issue of his ethnic
background in the following examination of his former counsel from WSD:  

Q.      Mr. Wilshire, do you have a habit of suing
your clients?

A.      Mr. Alam, I’ve never sued a client before.

Q.      So, I’m the first one? 

A.      You are the only one.

Q.      Only one? 

A.      Yes, sir.

Q.      Is it because - - I may be of different
heritage?

A.      No, sir. . . .

Alam thus placed his ethnicity at
issue by implying that his heritage was a factor in WSD’s decision to pursue
the lawsuit for unpaid fees.  WSD’s closing
argument rebutted that contention:

Remember the last question that was asked, ladies and
gentlemen?  Well, Mr. Wilshire, if I’m
the only client you have ever sued, did you sue me because I am a Muslim?  Now we’ve gone from behavior that is simply
ridiculous and offensive to behavior that is disgusting, ladies and
gentlemen.  For him to stand there
yesterday and say, you must have sued me because I’m a Muslim, I don’t know how
much lower it gets.

Because
Alam invited WSD’s closing remarks that Alam’s status as a Muslim played no
part in its decision to seek outstanding legal fees, we reject Alam’s
contention that WSD’s rebuttal constituted incurable jury argument.  See Standard Fire Ins. Co. v. Reese,
584 S.W.2d 835, 839 (Tex. 1979) (party complaining of improper rebuttal
argument has burden to prove, among other elements, that alleged error was not
invited or provoked); Schindler Elevator Corp. v. Anderson,
78 S.W.3d 392, 404-05 (Tex. App.—Houston 14th Dist. 2001, pet. dism’d by agr.)
(same).

Denial of motions for continuance

 

When a
party contends that it has not had sufficient opportunity for discovery before a summary judgment hearing, it must file either
an affidavit explaining the need for further discovery or a verified motion for continuance. Tenneco Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex.
1996); see Tex. R. Civ. P.
166a(g), 251, 252. “The affidavit or motion must describe the evidence sought, state with particularity
the diligence used to obtain the evidence, and explain why the continuance is necessary.”  Sneed
v. Cryolife, Inc., No. 01-05-00425-CV (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (mem
op.) (citing Rocha v. Faltys, 69 S.W.3d 315, 319
(Tex. App.—Austin 2002, no pet.)).

A trial
court has broad discretion to decide whether to grant a continuance until
the requested discovery
is completed.  Levinthal v.
Kelsey-Seybold Clinic, P.A.,
902 S.W.2d 508, 510 (Tex. App.—Houston [1st Dist.] 1994, no writ).  We will not disturb the trial court’s denial
of a motion
for continuance
absent a clear abuse of discretion. See BMC Software Belg., N.V. v. Marchand, 83
S.W. 789, 800 (Tex. 2002); Villegas v.
Carter, 711 S.W.2d 624, 626
(Tex. 1986); Verkin
v. Southwest Ctr. One, Ltd., 784
S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1989, writ denied).  A trial court “abuses its discretion when it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.” Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

As a
preliminary matter, we observe that the trial court, in its discretion, had the
authority not to consider Alam’s motions to the extent they attempted to seek
relief for HFC.  See Globe Leasing, Inc. v.
Engine Supply and Mach. Servs., 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston
[1st Dist.] 1969, no writ) (concluding that dismissal of appeal would be
appropriate even if timely because president of corporation, who was not licensed
attorney, would have been only one who could have given notice of appeal and
such notice would have been ineffective); see
also Kunstoplast of America, Inc. v. Formosa Plastics Corp., 937
S.W.2d 455, 456 (Tex. 1996) (“Generally a corporation may be represented only
by a licensed attorney . . . .”).

Alam’s motions on behalf of HFC also fail to make the
requisite showing of diligence.  See Levinthal, 902 S.W.2d at 510.  Alam’s first motion for continuance on behalf
of HFC did not show the court that he had been diligent in pursuing discovery
or identify any particular subject matter that required further discovery
before he could respond to WSD’s motion for summary judgment.[3]  Alam’s second motion for continuance to seek
legal counsel for HFC likewise failed to demonstrate diligence in his
efforts.  The trial court did not abuse
its discretion in denying the motions for continuance of the summary judgment
hearing.  

Lastly,
Alam complains of the trial court’s treatment of his motion to continue the
November 28, 2005 trial setting to an unspecified date.  The record does not contain a ruling on this
motion, and trial did not commence until February 21, 2006.[4]  By failing to secure a ruling or a refusal to
rule on the record, Alam has not preserved any alleged error for our
review.  See Tex. R. App. P.
33.1.  Consequently, we overrule this
issue as well.

Conclusion

 

We affirm the judgment of the trial
court.

 

 

Jane Bland

                                                          Justice

 

Panel consists of Justices Hanks,
Bland, and Wilson.[5]











[1]
WSD’s motion cites to
Kunstoplast of America, Inc. v. Formosa Plastics Corp, 937 S.W.2d 455 (Tex. 1996). 






[2] Alam claims that the trial court’s comment undermined
the viability of his asserted defensive theory that WSD should have gotten the
disputed fees from the insurance company when it settled his banking dispute
case.  The trial court’s legal conclusion
that this theory was irrelevant is borne out in the plain language of the
settlement agreement Alam signed to end that case, which releases any claim for
attorneys’ fees and acknowledges that each party would bear his own fees.





[3] Alam’s motion incorrectly assumes that WSD moved for
summary judgment under Texas Rule of Civil Procedure 166a(i), under which the
movant must allow an “adequate time for discovery” before seeking summary
judgment.  WSD’s motion took on the
burden of proving its right to recovery as a matter of law.  Compare
Tex. R. Civ. P. 166a(i) with Tex. R. Civ. P. 166a(c).  See
also Nat’l Union Fire Ins. Co. of Pittsburgh,
 PA v. CBI Indus., Inc., 907
S.W.2d 517, 520–22 (Tex. 1995) (holding further time for discovery unnecessary
as construction of unambiguous contract required no discovery).  

 





[4] We also note that the documentation in support of
Alam’s motion indicates that he needed a two-to-three month continuance, which
he effectively received before the court called the case to trial. 

 





[5] The Honorable Davie L. Wilson, retired Justice of the
First Court of Appeals, participating by assignment.