Dennis PATRICK and Vince
Garcia, Appellants,

v.

Former Sheriff Don HOWARD, Office of
the District Attorney, Commissioner
Johnny Hughes, Commissioner Russell
Noletubby, Commissioner Melvin Foster,
County Judge Robert Browne, and Ster-
ling County, Appellees.

No. 03–94–00001–CV.

Court of Appeals of Texas,
Austin.

Aug. 16, 1995.

Paul D. Rich, Law Office of Domingo Garcia, Dallas, for appellants.

James H. Harp, Smith, Carter, Rose, Finley & Griffis, San Angelo, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellants Dennis Patrick and Vince Garcia ("Plaintiffs") sued the former sheriff of Sterling County, Don Howard, and others[1] ("Defendants") for tort damages arising from their alleged wrongful criminal prosecution. Defendants moved for summary judgment on the ground that the applicable statutes of limitations barred the claims. *See* Tex.Civ. Prac. & Rem.Code Ann. §§ 16.002, .003 (West 1986). The trial court granted the motion and rendered a take-nothing judgment for Defendants. Plaintiffs appeal, contending that the trial court improperly granted summary judgment because either the discovery rule or the doctrine of fraudulent concealment tolled the statutes of limitations. We believe that neither is applicable in this context and will therefore affirm the trial-court judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Garcia and Patrick were subjects of an undercover drug operation instigated by the Sterling County Sheriff's Department. Both were indicted for drug offenses. Garcia was acquitted by a jury on August 14, 1990. The criminal indictment against Patrick was dismissed on April 29, 1991. On August 9, 1993, well in excess of two years following the termination of their criminal prosecutions, Plaintiffs filed suit against Defendants alleging: conspiracy, wrongful procurement of criminal complaints, false swearing, false arrest, false procurement of arrest, unreasonable search and seizures, false imprisonment, intentional infliction of emotional distress, invasion of privacy, conversion of personal property, abuse of process, and malicious prosecution.

The thrust of their complaint was that Defendants relied on an informant, William Lonnie Hood, who was himself later convicted of perjury in connection with other arrests and prosecutions. Plaintiffs allege that Defendants failed to use proper police procedures in creating and implementing their "sting" operation, thereby tortiously harming them in violation of the common law, Texas Tort Claims Act, and Texas Constitution. Additionally, Plaintiffs contend that Defendants knew Hood had fabricated evidence,

1. Other defendants included County Commissioners Johnny Hughes, Russell Noletubby, and Melvin Foster, County Judge Robert Browne, the Office of the District Attorney, and Sterling County. Plaintiffs also named police informant William Lonnie Hood as a defendant in the lawsuit. However, Hood's whereabouts were unknown, and service of process was never completed on him.

committed perjury, and falsely accused them, yet fraudulently concealed these facts from them.

Defendants moved for summary judgment on the ground that limitations barred all of Plaintiffs' claims.[2] Plaintiffs did not file a response to the summary judgment motion. Rather, they moved for a continuance because discovery was in its early stages.[3] At a hearing on November 1, 1993, the trial court denied the Plaintiffs' continuance motion. The trial court later granted Defendants' summary judgment motion and rendered a take-nothing judgment in their favor. In three points of error, Plaintiffs contend on appeal that the trial court erred in granting the summary judgment because: (1) material fact issues exist regarding the discovery rule and fraudulent concealment; (2) the trial court improperly relied on Plaintiffs' failure to file a response to the summary judgment motion; and (3) the trial court abused its discretion in denying their motion for continuance.

## DISCUSSION

We review the summary judgment under the well-established standards expressed in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When, as here, the district court does not indicate a particular ground for granting the summary judgment, we must uphold the judgment on appeal if it is proper on any ground asserted in the motion. *Rogers v.*

*Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989); *Tankersley v. Durish*, 855 S.W.2d 241, 247 (Tex.App.—Austin 1993, writ denied). Defendants who move for summary judgment based upon the affirmative defense of limitations bear the burden of pleading and conclusively establishing that defense. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988).

### A. Statutes of Limitations

Plaintiffs' malicious prosecution claim is controlled by the one-year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.002 (West 1986). The remainder of Plaintiffs' personal injury and property claims are governed by a two-year limitations period. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (West 1986) ("A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."); *see also Vale v. Ryan*, 809 S.W.2d 324, 325 (Tex. App.—Austin 1991, no writ) (false arrest and false imprisonment); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318–19 (Tex.App.— Houston [1st Dist.] 1990, writ denied) (civil conspiracy, invasion of privacy, and intentional infliction of emotional distress); *Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex.App.— San Antonio 1983, writ ref'd n.r.e.) (conversion of personal property); *Hatch v. Reli-*

2. Defendants also moved for summary judgment on the basis that there are no private causes of action for damages under the Texas Constitution. In *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex.1995), the supreme court held that no implied private right of action for damages exists under the Texas Constitution for alleged violations of speech and assembly rights. The rationale and holding in *Bouillion* appear to apply to the other provisions of the Texas Constitution that form the bases of the state constitutional tort claims in Plaintiffs' lawsuit. However, because Plaintiffs state some common-law tort claims, and because the limitations issue is dispositive of all Plaintiffs' claims regardless of their origin, we restrict our discussion to the limitations issue.

3. Plaintiffs submitted their first set of interrogatories on September 29, 1993. This set contained well in excess of the maximum thirty questions, including subparts, that are permitted by the Rules of Civil Procedure. *See* Tex.R.Civ.P. 168(5). Plaintiffs then submitted a second set of interrogatories and a request for production on October 13, 1993. Likewise, this second set of interrogatories exceeded the thirty-question limit. Following the second request, Plaintiffs entered into a voluntary Rule 11 agreement withdrawing the first set of interrogatories. At the time of the November 1, 1993 summary-judgment hearing, therefore, Defendants had not responded to the discovery requests since their response was not due until mid-November.

*ance Ins. Co.*, 758 F.2d 409, 414–15 (9th Cir.1985) (abuse of process).

■ Plaintiffs' malicious prosecution claims accrued upon the termination of the criminal prosecutions. *See McHenry v. Tom Thumb Page Drug Stores*, 696 S.W.2d 664, 666 (Tex.App.—Dallas 1985, writ dism'd). Plaintiffs' other personal injury and property claims accrued when the wrongful acts caused an injury, regardless of when Plaintiffs learned of such injuries. *See Moreno v. Sterling Drug Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Seibert v. General Motors Corp.*, 853 S.W.2d 773, 776 (Tex.App.—Houston [14th Dist.] 1993, no writ).

Defendants' summary-judgment evidence proved that Garcia's criminal prosecution terminated with his acquittal on August 14, 1990. Patrick's criminal prosecution terminated when the criminal indictment against him was dismissed on April 29, 1991. Plaintiffs' own pleadings allege they were innocent of these criminal charges. Hence, Plaintiffs knew of all of their injuries, at the latest, when their criminal prosecutions ceased.[4] Plaintiffs delayed filing suit, however, until August 9, 1993, well in excess of two years after their respective criminal prosecutions had terminated. Consequently, Defendants satisfied their initial burden of demonstrating conclusively that Plaintiffs' claims are barred by the applicable statutes of limitations. Nonetheless, Plaintiffs contend in their third point of error that the trial court erred in granting summary judgment because either the discovery rule or fraudulent concealment tolled limitations. We conclude that neither doctrine applies in the circumstances of the present case.

## B. Discovery Rule

Plaintiffs allege that the discovery rule applies to their claims because they were unaware of the facts forming the basis of their claims until December 18, 1992, when William Lonnie Hood was convicted of perju-

ry in connection with another case. We disagree.

■ The discovery rule is an exception to the general rule of accrual. *Moreno*, 787 S.W.2d at 351. When applicable, the discovery rule provides that the limitations period runs from the date the plaintiff discovered or, in the exercise of reasonable care and diligence, should have discovered the nature of his injury. *Id.; Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 699 (Tex.App.—Austin 1993, writ denied). The supreme court recently described the two-pronged test to determine the applicability of the discovery rule in *Computer Associates International, Inc. v. Altai, Inc.*, 38 Tex.Sup.Ct.J. 740, —— S.W.2d —— [1995 WL 341543] (June 8, 1995). The first inquiry is whether the nature of the injury is inherently undiscoverable. *Id.* at 741, at ——. "The second requirement for application of the discovery rule is where the tortious conduct and injury are objectively verifiable by physical evidence." *Id.* at 742, at ——. This requirement assures the policy underpinnings of statutes of limitations are met, because the possibility of stale or fraudulent claims is small. *Id.*

■ Plaintiffs' tort claims stemming from wrongful criminal prosecution satisfy neither prong of the test. The nature of Plaintiffs' injuries is not inherently undiscoverable. Plaintiffs' pleadings assert that they were innocent of all criminal charges against them. Thus, by their own admission, Plaintiffs knew of their alleged injuries when they were falsely arrested, detained, and prosecuted. Plaintiffs' assertion that they did not know of all the facts surrounding their injuries until Hood's perjury conviction does not trigger the discovery rule. A party's ignorance of material facts or lack of knowledge does not generally prevent limitations from running. *Snyder*, 860 S.W.2d at 699. Furthermore, there is no objectively verifiable physical evidence involved in this case that would satisfy the second prong of *Computer*

---

4. Plaintiffs, of course, knew of many of their alleged injuries well before the termination of the criminal prosecutions. For example, they knew

of their injury from false arrest at the time of arrest. For simplicity, we analyze the limitations issue using the latest possible date.

*Associates. See* 38 Tex.Sup.Ct.J. at 742, —— S.W.2d at —— (describing necessity of objectively verifiable physical evidence, such as the sponge left in the body in *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967), before discovery rule applies). Following *Computer Associates,* we hold as a matter of law that Plaintiffs' claims do not fall into the rare class of cases where the discovery rule applies.[5]

## C. Fraudulent Concealment

Plaintiffs also allege that the doctrine of fraudulent concealment tolls the running of limitations. Plaintiffs contend that Defendants knew of Hood's misconduct but concealed the facts that formed the basis of their lawsuit. Consequently, Plaintiffs conclude that Defendants should be estopped from relying on the limitations defense. Again, we disagree.

■■■■ Fraudulent concealment is an equitable doctrine that, when properly invoked, estops a defendant from relying on limitations as an affirmative defense. *Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1983); *Thames v. Dennison,* 821 S.W.2d 380, 384 (Tex.App.—Austin 1991, writ denied).

> Where a defendant *is under a duty to make disclosure* but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence.

*Borderlon,* 661 S.W.2d at 908 (emphasis added); *see Computer Assocs.,* 38 Tex.Sup.Ct.J. at 741, —— S.W.2d at ——; *Nichols v. Smith,* 507 S.W.2d 518, 519 (Tex.1974). The doctrine of fraudulent concealment is therefore limited to those situations in which the defendant has a duty of disclosure. Because of this requirement, the cases where fraudulent concealment applies are rare, such as those involving doctor-patient, attorney-client, or fiduciary relationships. *See Borderlon,* 661 S.W.2d at 908 (doctor-patient); *Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex.1988) (attorney-client); *Seibert,* 853 S.W.2d at 778 (fiduciary).

■■■■ The issue of whether a duty of disclosure exists is a question of law for the court. *Seibert,* 853 S.W.2d at 778; *see Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Plaintiffs allege that Defendants had an affirmative duty to "come clean" and disclose the wrongs allegedly committed by them. However, Plaintiffs have failed to cite any authority for their proposition that a sheriff's department has a duty to disclose to the accused the facts surrounding any prosecution, even a wrongful one. Likewise, we are unable to find a situation on similar facts where such a duty has been imposed. The relationship between Plaintiffs and Defendants is quite different from those relationships where fraudulent concealment applies. There is no special relationship of trust and confidence as in a doctor-patient, attorney-client, or fiduciary context. In fact, the adversarial relationship between one accused of a criminal offense and those seeking to prosecute him is the antithesis of a confidential relationship. We hold, as a matter of law, that Defendants had no duty of disclosure in this case, and therefore the doctrine of fraudulent concealment is inapplicable.

■■■■ Defendants pleaded and proved that Plaintiffs failed to bring suit within the applicable limitations periods. Because neither the discovery rule nor fraudulent concealment applies, the trial court did not err in granting summary judgment based on lim-

---

5. Rather than presenting an appropriate case for application of the discovery rule, Plaintiffs' situation reaffirms the purpose of statutes of limita- tion: to assert a claim while the evidence is fresh in the minds of parties and witnesses. In this

itations. We overrule points of error two[6] and three.

## D. Continuance

■ Plaintiffs' first point of error asserts that the trial court abused its discretion when it denied Plaintiffs' motion for continuance. They contend that because the case had been on file for only three months and discovery was in its early stages, the trial court should have granted their motion. Plaintiffs rely on *Levinthal v. Kelsey–Seybold Clinic,* 902 S.W.2d 508 (Tex.App.—Houston [1st Dist.] 1994, no writ), where the court reversed a summary judgment granted in favor of defendant Kelsey–Seybold on the grounds that the trial court abused its discretion by ruling on the clinic's motion for summary judgment before plaintiff Levinthal had the opportunity to complete discovery. The *Levinthal* court identified three relevant factors in its decision: the length of time the case had been on file (less than three months); the materiality of the discovery sought (the relationship between the clinic and an insurer in a restraint-of-trade case); and due diligence of counsel (discovery requests served at same time as filing of original petition). *Id.* at 510–12.

Of these factors, only the three-month time frame is comparable to the present case. Plaintiffs claim the discovery was material because it would yield evidence to support the applicability of the discovery rule and fraudulent concealment. However, because as a matter of law neither of these doctrines applies here, no amount of additional discovery could bolster Plaintiffs' position. Likewise, Plaintiffs' submission of excessive inter-

rogatories in violation of the Texas Rules of Civil Procedure, duplicative sets of discovery, and voluntary withdrawal of the initial requests do not mirror the diligence that the plaintiff exercised in *Levinthal.* We conclude that the trial court did not abuse its discretion in denying Plaintiffs' motion for continuance. Point of error one is overruled.

## CONCLUSION

Defendants properly pleaded and proved that Plaintiffs' claims were barred by the statutes of limitations. While Plaintiffs raised the discovery rule and fraudulent concealment in an attempt to defeat the affirmative defense of limitations, as a matter of law these doctrines do not apply. Therefore, the trial court did not err in granting summary judgment for the Defendants on limitations grounds. Having overruled all points of error, we affirm the trial court's judgment.

---

case, a vital player, police informant Hood, is missing, and his whereabouts are unknown.

6. Plaintiffs' second point of error alleges the trial court erred because it based summary judgment on Plaintiffs' failure to file a response to the summary-judgment motion, rather than on Defendants' motion and summary-judgment evidence. Specifically, Plaintiffs argue that Defendants did not present any evidence defeating the discovery rule or fraudulent concealment. However, Defendants were only required to present evidence negating the discovery rule *if* it applied to Plaintiffs' claims. *Snyder,* 860 S.W.2d at 699.

Because the discovery rule does not apply, Defendants had no affirmative burden to defeat its application. Likewise, Defendants were under no burden to negate the doctrine of fraudulent concealment. Fraudulent concealment is an affirmative defense to the affirmative defense of limitations, and as such, the burden was on Plaintiffs to come forward with summary-judgment proof. *See Bayou Bend Towers Council v. Manhattan Constr. Co.,* 866 S.W.2d 740, 746 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Seibert,* 853 S.W.2d at 778; *Thames,* 821 S.W.2d at 384.