**Valerie BUTLER, Appellant,**

v.

**Geraldine TAYLOR, M.D., Appellee.**

**No. 01–97–01130–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 3, 1998.

1. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01 (Vernon Supp.1998) states:

Elijah Gooden, III, Houston, for appellant.

Katrinia Dannhaus Packard, Houston, for appellee.

Before MIRABAL, HEDGES and ANDELL, JJ.

## OPINION

HEDGES, Justice.

Appellant filed a claim for medical malpractice against appellee under the Medical Liability and Insurance Improvement Act, TEX.REV .CIV.STAT.ANN. art. 4590i (Vernon Supp.1998) (Medical Claims Act). The trial court granted appellee's motion for summary judgment on the grounds that the claim was time barred because appellant failed to serve notice of the claim via certified mail, return receipt requested, as required under TEX. REV.CIV.STAT.ANN. art. 4590i, § 4.01(a) (Vernon Supp.1998). In four points of error, appellant contends that the trial court erred in finding that her sending of the required notice by United States Postal Service Express Mail failed to substantially comply with the notice requirement of the statute. We reverse and remand.

## STATEMENT OF FACTS

Appellant sought to recover damages resulting from medical treatment rendered by appellee on March 9, 1995. The Medical Claims Act requires that plaintiff send defendant a notice of claim at least 60 days before filing suit. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a).[1] Appellant sent the notice of claim

(a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

. . . .

to appellee on March 7, 1997, by Express Mail instead of certified mail, return receipt requested. Appellee admits actually receiving the notice of claim on March 10, 1997. Appellant filed her original petition on May 19, 1997, more than 60 days after the sending of the notice of claim. Appellee filed a motion for summary judgment alleging that appellant had failed to give timely and proper notice because it was not sent certified mail, return receipt requested, as required by the statute. The trial court granted appellee's motion for summary judgment.

## SUBSTANTIAL COMPLIANCE WITH NOTICE REQUIREMENT

In point of error one, appellant contends that by sending the notice of claim by Express Mail, she has substantially complied with the notice requirements of TEX.REV.CIV. STAT.ANN. art. 4590i, § 4 .01(a). In point of error two, appellant contends that because the notice substantially complied with the statute, the statute of limitations was tolled for a period of 75 days from the giving of notice. Therefore, she argues, her claim is not barred by the statute of limitations.

### Standard of Review

Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

### Analysis

The issue before this Court is whether appellant substantially complied with the notice requirements of TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a) by sending notice by Express Mail instead of by certified mail, return receipt requested as set forth in that statute. There is no dispute that appellant sent the notice of claim to appellee more than 60 days before filing suit. Furthermore, appellee acknowledges receiving the notice of claim by Express Mail on March 10, 1997.

In *Schepps v. Presbyterian Hospital of Dallas,* 652 S.W.2d 934 (Tex.1983), the su-

preme court held that the 60–day notice provision of TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a) was mandatory and not merely directory. *Schepps,* 652 S.W.2d at 938. However, the specific issue before that court was whether the plaintiff had to give 60 days notice to the defendants before filing suit, not the mechanics of the service of notice. *Id.* at 934.

" [I]t is the purpose of the Act to improve and modify the system by which health care liability claims are determined ... [and to] do so in a manner that will not unduly restrict a claimant's right anymore than necessary to deal with the crisis.' ... The intent of ... the Legislature was to encourage presuit negotiations so as to avoid excessive cost of litigation." *Schepps,* 652 S.W.2d at 938. We believe that while the requirement to give notice is mandatory, the requirement that the notice be sent certified mail, return receipt requested is merely directory and is meant to "promote the proper, orderly and prompt conduct of business." *Id.* at 936.

Appellee argues that although he acknowledges receiving the notice of claim more than 60 days before the suit was brought, because appellant failed to notify him by certified mail, return receipt requested, the notice was somehow deficient. Appellee does not claim that he was harmed in any way by the failure to receive notice via certified, return receipt requested first class mail.

We believe that appellant has fulfilled the primary purpose of the statute. *See Netherland v. Wittner,* 662 S.W.2d 786, 787 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Several other courts have held that when dealing with notice requirements, the technicalities of the method of service are not crucial when the purposes of the notice statute have been satisfied. *See Netherland,* 662 S.W.2d at 787 (holding that where appellant acknowledged timely receiving notice by regular mail, appellant appeared and fully participated at the trial, and appellant made no claim that he was harmed in any way, appellee had fulfilled the primary purposes of TEX.R.CIV.P. 21a); *Hill v. W.E. Brittain,*

(c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

*Inc.,* 405 S.W.2d 803, 807 (Tex.Civ.App.—Fort Worth 1966, no writ) (holding that "service and notice in a technical sense [are] incidental where the main purpose of obtaining the appearance of parties and their participation is accomplished."). We hold that because appellee acknowledges receiving the notice of claim more than 60 days before appellant filed suit, appellant has fulfilled the primary purpose of the notice requirement of section 4.01(a).

We sustain point of error one.

Because this Court has found that the notice substantially complied with the statute, it was also sufficient to toll the statute of limitations for a period of 75 days from the sending of the notice of claim. Therefore, appellant's claim was not barred by the statute of limitations.

We sustain point of error two.

In points of error three and four, appellant argues that the trial court's interpretation of the notice requirement failed to give effect to the legislative intent of article 4590i resulting in inequity to appellant. Given our disposition of appellant's points of error one and two, we sustain points of error three and four.

We reverse the judgment of the trial court and remand the cause.