**Affirmed in Part, Dismissed in Part, and Memorandum Opinion filed August 1, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00626-CV

## PANUNCIO COLORADO, Appellant

## V.

## PHUONG LUU AND THANH TAT, Appellees

**On Appeal from the County Court at Law No. 1**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-17-011359**

## MEMORANDUM OPINION

We consider two issues in this appeal: (1) whether a fact issue on fraudulent concealment precluded a summary judgment on limitations, and (2) whether the trial court abused its discretion when it imposed sanctions against an attorney for filing a groundless claim. For reasons explained more fully below, we conclude that no fact issue was raised on the issue of fraudulent concealment, and that we lack jurisdiction over the issue of sanctions.

## BACKGROUND

This case arises out of an automobile accident that occurred on Christmas Day 2015. The drivers of the two vehicles were Panuncio Colorado and Thanh Tat.

Colorado filed suit on November 29, 2017 (within the two-year statute of limitations), but instead of naming Tat as his defendant, Colorado sued Tat's mother, Phuong Luu. Colorado asserted a single claim for negligence against Luu, and he served Luu on December 27, 2017 (two days after the statute of limitations had passed).

Luu filed an original answer that generally denied the allegations against her. The answer did not contain any mention of a possible misidentification of parties.

In response to a request for disclosure, Luu notified Colorado on February 14, 2018 that her son, Tat, was the driver and owner of the vehicle involved in the accident. That same day, Luu amended her answer to aver that she was improperly named in the lawsuit, that she was not personally involved in the accident, and that she had no ownership interest in Tat's vehicle. Luu thereafter moved for summary judgment, arguing on traditional grounds that she did not proximately cause any of Colorado's damages.

Colorado moved to postpone the hearing on Luu's motion so that discovery could continue. The trial court granted Colorado's motion, and then Colorado had Luu deposed.

At her deposition, Luu testified that her son had never been to prison, that he had never been in an accident before, and that she did not know if he had ever been cited for a traffic violation. She also revealed that she had co-signed for her son's vehicle, which made her a co-owner, and that she also pays for his car insurance. On the same day as her deposition, Luu amended her answer once more to aver that she

2

did have an ownership interest in Tat's vehicle, but that she was still improperly named in the lawsuit and was not personally involved in the accident.

Two days after the deposition (and well after the two-year statute of limitations had passed), Colorado amended his petition to assert a negligence claim against Tat. Colorado also abandoned his negligence claim against Luu and replaced it with a claim for negligent entrustment.

Tat then filed his own original answer, where he asserted the affirmative defense of limitations. Along with that filing, Tat moved for a traditional summary judgment, arguing that Colorado's amended petition was untimely and that it did not relate back to his original petition because there is no tolling for the misidentification of an individual.

In a response to Tat's motion, Colorado argued that summary judgment was inappropriate because there was a fact issue as to whether Tat's identity had been fraudulently concealed. Colorado also asserted that he still had a viable claim for negligent entrustment against Luu.

Luu and Tat filed a joint reply, which was divided into three parts. In the first part, Tat argued that Colorado had failed to raise a fact issue on his counter-affirmative defense of fraudulent concealment. In the second part, Luu moved for both a traditional and a no-evidence summary judgment on the newly pleaded claim of negligent entrustment. And in the third part, Luu moved for sanctions against Colorado's attorney for filing the claim of negligent entrustment, which she argued was groundless.

Without stating its reasons, the trial court granted summary judgment to both Luu and Tat. The trial court also sanctioned Colorado's attorney in the amount of $750, which was the same amount requested in the motion for sanctions. Colorado

3

then filed an appeal with Austin's Third Court of Appeals, and that appeal was transferred to us by order of the Texas Supreme Court.

## SUMMARY JUDGMENT

Colorado's appellate complaint is limited in scope. He does not challenge the summary judgment that was granted in favor of Luu. Rather, he only challenges the summary judgment that was granted in favor of Tat. And as to that particular summary judgment, Colorado does not challenge the legal sufficiency of Tat's motion (i.e., whether Tat satisfied his initial burden of establishing the affirmative defense of limitations). Colorado argues instead that Tat was not entitled to summary judgment because a fact issue was raised on the counter-affirmative defense of fraudulent concealment. We limit our review accordingly. *See Purser v. Coralli*, No. 05-15-00359-CV, 2016 WL 6087675, at \*2 (Tex. App.—Dallas Oct. 18, 2016, no pet.) (mem. op.) (addressing only the question of fraudulent concealment where the nonmovants did not challenge on appeal whether the movants had met their initial burden of establishing a limitations defense).

Fraudulent concealment is an equitable doctrine that estops the defendant from relying on the statute of limitations when the defendant has sought to avoid liability "by deceitfully concealing wrongdoing until limitations has run." *See Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011). The doctrine only applies when the defendant had a duty to make a disclosure about the existence of a cause of action and the defendant concealed that information from the party to whom it belonged. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 229–30 (Tex. 2015). The doctrine operates by tolling limitations only until the cause of action is discovered or could have been discovered through the exercise of reasonable diligence. *See BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011).

4

A plaintiff who claims fraudulent concealment has the burden of raising a fact issue for each of the doctrine's elements, which are as follows: (1) the defendant actually knew that the plaintiff was wronged, and (2) the defendant concealed the wrong to deceive the plaintiff. *See ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 544 (Tex. 2017). When deciding whether Colorado raised a fact issue as to these elements, we apply a de novo standard of review, and we consider all of the evidence in the light most favorable to Colorado, because he was the nonmovant. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

As evidence of fraudulent concealment, Colorado relies on two letters from an insurance company that were sent to his attorney before this suit was filed. The first letter is a single page in length, and it requests from Colorado's attorney copies of Colorado's medical records. The second letter is also a single page in length, and it notifies Colorado's attorney that the claim has been assigned to a new claims representative. Both letters correctly identify Colorado as the claimant and the date of loss as Christmas Day 2015. But Colorado asserts that the letters concealed Tat as the responsible driver because each letter "misrepresented that Phuong Luu was the one negligently operating the motor vehicle responsible for causing the collision made the basis of this case." And because of those alleged misrepresentations, Colorado argues that limitations did not begin to run until February 14, 2018, when Luu specifically informed Colorado that Tat, instead of Luu, was the driver and owner of the vehicle involved in the accident.

The letters do not support Colorado's argument. Nothing in the letters purports to identify who was driving the vehicle that allegedly hit Colorado. The letters merely identify Luu in the margins as a "named insured." That term means that Luu is covered by the insurance policy. *See* Black's Law Dictionary 811 (7th ed. 1990). It does not mean that Luu or her insurance company were concealing Tat's

5

identity as the responsible driver. And more to the point, because Colorado had an adversarial relationship with Luu and her insurance company, they had no duty to disclose Tat's identity in either of the two letters. *See Patrick v. Howard*, 904 S.W.2d 941, 945 (Tex. App.—Austin 1995, no writ) ("The cases where fraudulent concealment applies are rare, such as those involving doctor-patient, attorney-client, or fiduciary relationships.").

Colorado also relies on a dispatch report from the police as other evidence of fraudulent concealment. Without ever explaining why the police might have an intent to deceive him, Colorado complains that the dispatch report is the only public record of the accident, and because the dispatch report names Luu as the owner of the vehicle, Colorado appears to believe that he was justified when he originally sued Luu instead of Tat.

The problem with this argument is that the dispatch report actually identifies both Luu and Tat as owners of the vehicle, not Luu exclusively. Furthermore, the dispatch report contains the driver's license information of both Colorado and Tat, not Luu. This information establishes that even if there were evidence of fraudulent concealment (and there is none), Colorado could have determined through the exercise of reasonable diligence that Tat was the driver to be sued, not Luu. And because the dispatch report was completed on the same day as the accident, there would be no tolling of the statute of limitations.

Based on the foregoing, we conclude that Colorado failed to raise a genuine issue of material fact on his counter-affirmative defense of fraudulent concealment. The summary judgment in favor of Tat was therefore appropriate.

## SANCTIONS

Colorado complains in his next issue about the sanctions order against his attorney. Luu responds that Colorado lacks standing to assert this complaint because the sanctions were directed solely against the attorney, not Colorado as well.

An appealing party may not complain of errors that do not injuriously affect him or that merely affect the rights of others. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). Here, the sanctions order only affected the rights of Colorado's attorney, which means that the only person with standing to complain of this issue is Colorado's attorney. But as Luu further points out, if Colorado's attorney wanted to challenge the sanctions order, he was required to file his own notice of appeal or join in Colorado's notice of appeal. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Parties whose interests are aligned may file a joint notice of appeal."). Because Colorado's attorney did neither, he did not invoke this court's appellate jurisdiction. *See Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.) (holding that an attorney could not complain of a sanctions order where the attorney did not file his own notice of appeal or join in his client's notice of appeal).

## CONCLUSION

We dismiss for want of jurisdiction the portion of the appeal that challenges the trial court's sanctions order. As for the other portion of the appeal, we affirm the trial court's judgment.

/s/     Tracy Christopher
           Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer.

7